

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-88,149-04

### EX PARTE JERMAINE EARL SEXTON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1370117-C IN THE 339TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of aggravated robbery and sentenced to thirty-five years' imprisonment. The First Court of Appeals affirmed his conviction. *Sexton v. State*, No. 01-13-00139-CR (Tex. App. — Houston [1st Dist.] Dec. 19, 2013) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things,[1] that he has newly-discovered or newly-available evidence in the form of an affidavit from State's witness Bradie Scott, in which he purports to recant

---

[1] This Court has reviewed Applicant's other claims and finds them to be barred by Article 11.07 §4. of the Texas Code of Criminal Procedure.

his trial testimony and states that the testimony implicating Applicant was false.

Applicant has alleged facts that, if true, might entitle to relief. *Ex parte Weinstein*, 421 S.W.3d 656, 665 (Tex. Crim. App. 2014) . Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether the affidavit of Bradie Scott constitutes newly-discovered or newly-available evidence which could not have been discovered through the exercise of reasonable diligence before Applicant filed his initial post-conviction writ of habeas corpus. The trial court shall also make findings as to whether the affidavit is credible, and whether Scott's testimony at trial was false. If the trial court determines that Scott's testimony at trial was false, the trial court shall make findings of fact and conclusions of law as to whether the false testimony, "taken as a whole, gave the jury a false impression" resulting in a due process violation that would entitle Applicant to relief. *Ex parte Chavez*, 371 S.W.3d 200, 208 (Tex. Crim. App. 2012). The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from

hearings and depositions. *See* Tex. R. App. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: October 6, 2021
Do not publish